**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DIVISION OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CATHAY INDUSTRIES USA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 16 CV 2070 |
| | ) | |
| v. | ) | Judge Robert W. Gettleman |
| | ) | |
| WILLIAM J. BELLAH, | ) | Magistrate Judge Maria Valdez |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION TO BAR**

Plaintiff, Cathay Industries USA, Inc. ("Cathay"), by and through its attorneys, Elvis Gonzalez, Ltd., moves the Court to enter an Order, barring Defendant, William J. Bellah ("Bellah"), from asserting any defense other than his Third Affirmative Defense at the trial of this matter. In support thereof, Cathay state as follows:

1.      Cathay instituted this action on February 9, 2016, seeking to enforce a promissory note against Bellah ("the Note"). This matter is set for trial November 27, 2018.

2.      On January 23, 2018, the Court granted Cathay's Motion for Partial Summary Judgment as to Bellah's First and Second Affirmative Defenses. (See Docket No. 87). A true and accurate copy of the Court's Memorandum Opinion and Order is attached hereto as Exhibit A. With partial summary judgment having been granted on Bellah's First and Second Affirmative Defenses, only Bellah's Third Affirmative Defense remains to be tried. It concerns whether liability under the Note was discarched pursuant to a release contained in a separate contract between the parties.

3.      On October 15, 2018, the parties submitted their joint proposed pretrial order ("the PTO") (See Docket Number 104).  In the course of preparing the PTO, Bellah's counsel disclosed an intention to argue an alternative defense that any amounts due under the Note were discharged by credits due under a separate 2007 Consulting Services Agreement between Cathay Pigment Holdings, LLC, which is Cathay's parent company ("Cathay Holdings"), and Bel-Air Investments, Inc. ("Bel-Air"), a company controlled by Bellah ("the Consulting Agreement").

4.      The Consulting Agreement was previously the basis of Bellah's Second Affirmative Defense in which he claimed that any liability under the Note should be offset by compensation allegedly owed to Bel-Air by Cathay Holdings.

5.      In granting partial summary judgment as to Bellah's Second Affirmative Defense, the Court wrote:

> Whether or not it is described as a "setoff," whether it is pleaded as an affirmative defense or counterclaim, it is clear that Bellah's plea to reduce his liability under the Compass Note must be dismissed.  As Plaintiff argues, there is no mutuality, because to the extent that monies should have been applied toward the Compass Note on his behalf, Bellah's dispute is with Cathay Holdings, not its subsidiary Cathay. [internal citation omitted].  Cathay Holdings, not Cathay, was the party allegedly obligated under the "informal agreement" to apply half his annual bonus to the Compass Note. As Bellah's response brief explicitly admits:
>
>> The $1,500,000 Compass Note that Bellah issued was to be paid back by payments from Plaintiff's parent company, Cathay Holdings.  Because Bellah did not receive all payments required under the 2007 Consulting Agreement, Bellah's liability under the $1,500,000 promissory note is discharged or offset by the amounts that he did not receive under the Consulting Agreement.
>
> (Def.'s Resp. at 6.).  The competing debts are issue in this case are not even between the same parties and thus are clearly not mutual or subject to setoff.
>
> *      *      *      *
>
> Bellah notably offers no evidence at all that the 2007 Consulting Agreement was in fact renewed or that Cathay Holdings owed him money under the agreement after 2012. Because Defendant has not offered any evidence that would allow a reasonable trier of fact to conclude that his obligations under the Compass Note should be set off by monies

- 2 -

owed to him by a third party, summary judgment must be granted as to his second affirmative defense.

(See Exhibit A, pp. 5-6; 8).

6.     The issue of whether credits under the Consulting Agreement could reduce any part of Bellah's liability, whether pleaded as a setoff claim, affirmative defense, or counterclaim, has already been decided by this Court.  The purpose of summary judgment is to refine the case sufficiently so that both parties know the precise injuries alleged and the evidence that would be used to prove them.  Sattar v. Motorola, Inc., 138 F. 3d 1164, 1169 (7th Cir. 1998).  Bellah may not now assert a new, alternative defense on the eve of trial that flies in the face of the Court's ruling on the viability of his Second Affirmative Defense.

WHEREFORE, Plaintiff, Cathay Industries USA, Inc., respectfully prays that the Court enter an Order, barring Defendant, William J. Bellah, from asserting any defense other than his Third Affirmative Defense at the trial of this matter, and for such other and further relief as the Court deems just and equitable.

Respectfully Submitted,

CATHAY INDUSTRIES USA, INC.


/s Elvis D. Gonzalez_____
By:  Its Attorney

Elvis D. Gonzalez (ARDC No. 6280115)
egonzalez@elvisgonzalezltd.com
ELVIS GONZALEZ, LTD.
233 South Wacker Drive, Suite 2280
Chicago, IL 60606
(312) 558-9779
404471.1-12020.00100