# EXHIBIT

# A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CATHAY INDUSTRIES USA, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 16 C 2070 |
| v. ) | |
| ) | Magistrate Judge |
| WILLIAM J. BELLAH, ) | Maria Valdez |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Cathay Industries USA, Inc.'s ("Cathay") complaint, which is premised on diversity jurisdiction, alleges breach of contract due to Defendant William J. Bellah's failure to pay sums due under a promissory note. The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

Cathay previously moved for summary judgment on Bellah's Third Affirmative Defense, and that motion was denied on September 28, 2017. Cathay now moves for summary judgment on Bellah's First and Second Affirmative Defenses. For the reasons that follow, Plaintiff's Motion for Partial Summary Judgment [Doc. No. 69] is granted.[1]

---

[1] Defendant's response indicates that he withdraws his first affirmative defense, which alleges a lack of standing. (Def.'s Resp. at 1 n.1.) Plaintiff's motion is therefore granted as to that affirmative defense.

1

## **FACTS**[2]

The facts of the case were discussed in the earlier summary judgment motion and will not be repeated here unless necessary. *See Cathay Indus. USA, Inc. v. Bellah*, No. 16 C 2070, 2017 WL 4310623 (N.D. Ill. Sept. 28, 2017). Two particular contracts are relevant to the present motion. First is the $1.5 million promissory note known as the Compass Note, which is the subject of the present litigation. The Compass Note was executed on September 23, 2008 by Bellah in favor of Compass Chemical International, LLC. (LR 56.1(b)(3)(C) ¶¶ 4-5, 11.) The Compass Note was assigned to Cathay in 2012; assigned from Cathay to its parent Cathay Pigment Holdings ("Cathay Holdings") in 2014; and finally assigned in 2016 from Cathay Holdings back to Cathay. (*Id.* ¶¶ 16-20.)

The second relevant contract is the 2007 Consulting Agreement, which was entered into on January 1, 2007 by Cathay Holdings and Bellah, on behalf of Bel-Air Investments, Inc. ("Bel-Air"), a company owned by him. Pursuant to the 2007 Consulting Agreement, Bel-Air was to provide certain consulting services to Cathay Holdings, and Cathay Holdings would in turn pay monthly fees and yearly bonuses to Bel-Air. The yearly bonuses, in a lump sum amount equal to the total monthly payments during the year, were to be paid in the first quarter of the following year. The bonuses were paid as scheduled in the years 2008 through 2012. The parties

---

[2] Unless otherwise noted, the following material facts are undisputed or are deemed admitted due to a party's failure to comply with Local Rule 56.1, which this Court strictly enforces.

2

also observed an "informal agreement" whereby half of the yearly bonus payments were to be credited to the amounts owed under the Compass Note. (*Id.* ¶¶ 6-10, 12.)

At issue in the present motion is Defendant's second affirmative defense, which alleges that any obligation owed by Bellah on the Compass Note "is subject to a set-off for services rendered to Plaintiff by Defendant," (LR 56.1(a)(3) ¶ 15), namely $962,000 allegedly owed to him under the 2007 Consulting Agreement.[3]

## DISCUSSION

### I. LEGAL STANDARD

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court must draw all reasonable inferences in favor of the nonmovant. *Bennington v. Caterpillar Inc.,* 275 F.3d 654, 658 (7th Cir. 2001).

However, once the movant has carried its burden under Rule 56(c), "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). The party opposing summary judgment must offer admissible evidence in support of his version of events, and hearsay evidence does not create a

---

[3] Earlier in the litigation, Defendant contended that the amounts owed under the Compass Note should also be set off by $1.3 million allegedly owed pursuant to a separate oral agreement with Terence Yu, providing that Bellah was to receive certain profits and management fees. Bellah's response clarifies that his "affirmative defense for set off is limited to the monies owed to Bellah under the 2007 Consulting Agreement; the approximately $1,300,000 owed by Compass and Cathay Phosphorous Chemical Limited would be the subject of a separate dispute." (Def.'s Resp. at 5 n.2.)

3

genuine issue of material fact. *McKenzie v. Ill. Dep't of Transp.,* 92 F.3d 473, 484 (7th Cir. 1996); *see Larimer v. Dayton Hudson Corp.*, 137 F.3d 497, 500 (7th Cir. 1998) ("'If the non-moving party bears the burden of proof on an issue, . . . that party may not rest on the pleadings and must instead show that there is a genuine issue of material fact.'") (citation omitted). "The mere existence of an alleged factual dispute is not sufficient to defeat a summary judgment motion. . . . The nonmovant will successfully oppose summary judgment only when it presents 'definite, competent evidence to rebut the motion.'" *Vukadinovich v. Bd. of Sch. Trs. of N. Newton Sch. Corp.*, 278 F.3d 693, 699 (7th Cir. 2002) (citations omitted); *see also Hall v. Bodine Elec. Co.,* 276 F.3d 345, 354 (7th Cir. 2002) ("Conclusory allegations and self-serving affidavits, without support in the record, do not create a triable issue of fact.").

"In considering a motion for summary judgment, this court is not required to scour the record in search of evidence to defeat the motion; the nonmoving party must identify with reasonable particularity the evidence upon which the party relies." *Pleniceanu v. Brown Printing Co.*, No. 05 C 5675, 2007 WL 781726, at *7 (N.D. Ill. Mar. 12, 2007) (citing *Johnson v. Cambridge Indus., Inc.,* 325 F.3d 892, 898 (7th Cir. 2003)); *see Estate of Moreland v. Dieter*, 395 F.3d 747, 759 (7th Cir. 2005). Finally, the Court is "'not required to draw every conceivable inference from the record.'" *McCoy v. Harrison,* 341 F.3d 600, 604 (7th Cir. 2003) (citation omitted).

## II. ANALYSIS

The Compass Note obligates Bellah to pay Cathay $1.5 million. According to Bellah, Cathay Holdings owes him over $900,000 pursuant to an "informal agreement" that accompanied the 2007 Consulting Agreement, which was between Cathay Holdings and Bel-Air Investments. Bellah's affirmative defense claims that the money owed by Cathay Holdings should be set off from his obligations under the Compass Note. Plaintiff argues that summary judgment on the affirmative defense is warranted because (1) the debt Defendant seeks to set off is not mutual and arises from different circumstances from Cathay's claim; and (2) Defendant's claim is not liquidated.

As an initial procedural matter, Bellah's setoff claim should have been pleaded as a counterclaim, and he acknowledges as much.[4] Historically, a defendant's plea to reduce liability by claiming the plaintiff owes him money was called "recoupment" if the competing debts arose from the same transaction and "setoff" if they did not. Recoupment, therefore, was generally treated as a compulsory counterclaim, and setoff as a permissive counterclaim. *See Coplay Cement Co., Inc. v. Willis & Paul Group*, 983 F.2d 1435, 1440 (7th Cir. 1993). However, cases often find that a "setoff" can only exist if the separate claims arise from the same contract, which is not the case here. *See Polygroup Ltd. v. Tree Classics, Inc.*, 09 C 6454, 2010 WL 4822756, at *3-4 (N.D. Ill. Nov. 22, 2010); *Rebaque v. Forsythe Racing, Inc.*, 480 N.E.2d 1338, 1341 (Ill. App. Ct. 1985)

---

[4] "Bellah has no objection if the Court wishes to recharacterize Bellah's set off affirmative defense as a counterclaim, pursuant to Federal Rule of Civil Procedure 8(c)." (Def.'s Resp. at 6 n.3.)

5

(collecting cases); *see also ECHO, Inc. v. Whitson Co., Inc.*, 52 F.3d 702, 708 (7th Cir. 1995) (holding that setoff is precluded where "[e]ach party's rights have their origins in different contracts"); *Schieffelin & Co. v. Valley Liquors, Inc.*, 823 F.2d 1064, 1067-68 (7th Cir. 1987) (holding that breach of an underlying distributorship agreement cannot be used to set off damages caused by breach of purchase orders).

Whether or not it is described as a "setoff," whether it is pleaded as an affirmative defense or counterclaim, it is clear that Bellah's plea to reduce his liability under the Compass Note must be dismissed. As Plaintiff argues, there is no mutuality, because to the extent that monies should have been applied toward the Compass Note on his behalf, Bellah's dispute is with Cathay Holdings, not its subsidiary Cathay. *See Soo Line R. Co. v. Escanaba & Lake Superior R. Co.*, 840 F.2d 546, 551 (7th Cir. 1988) ("Setoffs are permitted only when the debts are 'mutual,' and debts arising at different times out of different circumstances are not mutual.").

Cathay Holdings, not Cathay, was the party allegedly obligated under the "informal agreement" to apply half his annual bonus to the Compass Note. As Bellah's response brief explicitly admits:

> The $1,500,000 Compass Note that Bellah issued was to be paid back by payments from Plaintiff's parent company, Cathay Holdings. Because Bellah did not receive all payments required under the 2007 Consulting Agreement, Bellah's liability under the $1,500,000 promissory note is discharged or offset by the amounts that he did not receive under the Consulting Agreement.

(Def.'s Resp. at 6.)

6

The competing debts are issue in this case are not even between the same parties and thus are clearly not mutual or subject to setoff. Bellah responds that the Cathay entities intentionally defeated mutuality by transferring the Compass Note from Cathay Holdings to Cathay in 2016 in order to pursue collection actions, and Plaintiff should therefore be estopped from arguing an absence of mutuality. Defendant further claims that mutuality for at least part of the debt does exist because Cathay Holdings stopped paying under the 2007 Consulting Agreement after 2012, and Cathay Holdings held the Compass Note from 2014 to 2016. According to Bellah, he should be entitled to assert a setoff claim for payments that should have been made for those two years.

First, Bellah's estoppel argument is unpersuasive and not supported by case law. Plaintiff's actions have not left Defendant without recourse to recovering amounts allegedly owed to him from the "informal agreement." Bellah could have brought Cathay Holdings into this case as a third party, or he could have filed a separate lawsuit, but he chose to do neither. Bellah has offered no reason this Court should resort to an equitable remedy in these circumstances.

Second, even if Bellah were correct that mutuality existed for the years 2014 to 2016, he has not demonstrated there is a material issue of fact as to whether he is owed money for that time period. According to Defendant's own statement of facts, the 2007 Consulting Agreement had a five-year term; bonuses were to be paid in the first quarter of every year from 2008 through 2012; the payments ceased in 2012; and Bel-Air had the option to renew the 2007 Consulting Agreement for an

7

additional five-year term. (LR 56.1(b)(3)(C) ¶¶ 7-10.) Bellah notably offers no evidence at all that the 2007 Consulting Agreement was in fact renewed or that Cathay Holdings owed him money under the agreement after 2012. Because Defendant has not offered any evidence that would allow a reasonable trier of fact to conclude that his obligations under the Compass Note should be set off by monies owed to him by a third party, summary judgment must be granted as to his second affirmative defense.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Partial Summary Judgment [Doc. No. 69] is granted.

**SO ORDERED.**  **ENTERED:**

**DATE:    January 23, 2018**  _____
**HON. MARIA VALDEZ**
**United States Magistrate Judge**

8